IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| S.L.B., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | CIVIL ACTION NO. 4:25-cv-490 |
| LITTLE ELM INDEPENDENT SCHOOL DISTRICT, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

COMES NOW Plaintiff and in support of her cause of action alleges as follows:

**I.   PARTIES**

1.   Plaintiff is a resident of Denton County, Texas. At all relevant times, Plaintiff was employed by Little Elm Independent School District, working as a school counselor.

2.   Defendant Little Elm Independent School District ("LEISD" or "Defendant") is a public school district located at 400 Lobo Lane, Little Elm, Texas 75068 and the Superintendent is Michael Lamb.

**II.   JURISDICTION AND VENUE**

3.   This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction), 42 U.S.C. § 12117(a) (incorporating Title VII jurisdictional provisions for ADA claims), 29 U.S.C. § 621, and 42 U.S.C. § 2000e *et. seq.*

4.   Venue properly lies in this Court because all acts and omissions giving rise to these claims took place in the District and Division in which suit has been filed.

### III.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. Plaintiff timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC"), Charge No. 450-2024-01811, on April 03, 2024. Plaintiff has either received a Notice of Right to Sue from the EEOC or has satisfied all other conditions precedent to the filing of this suit. This action has been timely commenced.

### IV.   FACTUAL BACKGROUND

6. Plaintiff is a highly experienced and dedicated professional who served as an educator for over three decades. She served as a School Counselor for 26 years after teaching for 6 years, including nine years of exemplary service with Little Elm Independent School District ("LEISD") at Prestwick Elementary School, beginning in 2014.

7. In late May or early June 2020, Plaintiff was diagnosed with breast cancer—a serious medical condition that required aggressive treatment. As a result of this treatment, she developed well-documented cognitive impairments that substantially limited major life activities, including memory, concentration, and executive functioning.

8. In August 2020, Plaintiff requested and received reasonable accommodations to support her continued ability to perform her duties. These accommodations included allowing Plaintiff to wear a mask and adjustments to her schedule and duties to avoid crowds/group meetings so that Plaintiff would not be exposed to COVID 19 and forfeit the opportunity to be treated with radiation.

9. By May 2021, however, Plaintiff's post radiation treatment-with Tamoxifen and related cognitive impairments persisted, prompting her to submit a written request for additional accommodations. Despite follow-up inquiries over the ensuing months, LEISD—acting through

Executive Director of Human Resources Asheley Brown—failed to meaningfully engage in the interactive process or provide any substantive response.

10. Instead of supporting Plaintiff in her request for medically necessary accommodations, school administrators—including Principal Christine Gibson, and subsequently, Principal Jamey Allen—began a campaign of escalating hostility and retaliation.

11. From mid-2021 through March 2023, Plaintiff was subjected to unfounded criticisms of her performance, reassignment from her designated counseling office without justification, and the imposition of burdensome duties outside the scope of her job description. These actions were not grounded in performance but rather designed to create a hostile work environment and pressure her out of the workplace.

12. Despite being the most qualified candidate, Plaintiff was denied a transfer opportunity to Strike Middle School in 2020. The position was awarded to a less experienced counselor with only elementary school counseling experience.

13. Plaintiff was also denied the opportunity to begin a new role as Professional School Counselor with Frisco Independent School District (FISD). After a successful panel interview with FISD, Ms. Allen provided unfavorable information regarding Plaintiff effectively sabotaging her efforts to transition to a new employer.

14. On March 10, 2023, Plaintiff was presented with an ultimatum by Ms. Allen: resign or face non-renewal of her contract based on materially inaccurate and retaliatory performance allegations. Under duress and without meaningful recourse, Plaintiff submitted her resignation on March 22, 2023 — constituting a constructive discharge.

15. Plaintiff promptly filed a Level 1 grievance identifying Ms. Gibson, Ms. Allen, and Ms. Brown as the key actors responsible for the discrimination and retaliation she endured.

Instead of appointing a neutral decisionmaker, LEISD required Plaintiff to meet with Ms. Brown—one of the very individuals named in the grievance—thereby denying her a fair and impartial review.

16. Plaintiff proceeded to file a Level 2 grievance, which was heard by the Deputy Superintendent, and then a Level 3 grievance. As of the date of this filing, LEISD has failed to respond to the Level 3 grievance, compounding the denial of a meaningful remedial process.

17. Throughout her final years at LEISD, Plaintiff—a woman with 32 years of experience—was systematically pushed out of leadership roles, excluded from advancement, removed from the Admin Team and removed from the office downstairs that was reflected in the original blueprints.  Plaintiff was subject to extreme isolation from the office, and no privacy for teacher consultation, student counseling and parent conferences.  Requests were made in March 2022 to cover the windows, but coverings were not installed until May 2023.  Following her forced departure, LEISD hired a significantly younger, less experienced counselor to fill her former position.

18. Defendant's pattern of ignoring valid disability accommodation requests, retaliating against protected activity, and making adverse employment decisions based on age constitutes a clear violation of the ADA and the ADEA. LEISD's conduct not only stripped Plaintiff of her professional career and reputation, but it also caused her lasting emotional, financial, and harm.

V. CAUSES OF ACTION

*COUNT ONE: DISABILITY DISCRIMINATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA), 42 U.S.C. § 12102 et seq.*

19. Plaintiff incorporates by reference the factual allegations set forth above.

20. Plaintiff is a qualified individual with a disability under the ADA. Following her 2020 breast cancer diagnosis, treatment, and resulting cognitive impairments, she was substantially limited in major life activities including memory, executive function, concentration, and cognitive processing.

21. Plaintiff was qualified to perform the essential functions of her position as a Professional School Counselor, with or without reasonable accommodation.

22. In August 2020, Plaintiff requested and received reasonable accommodations in order to limit her exposure to COVID in order to continue receiving required and uninterrupted radiation treatments.

23. In May 2021 and on multiple occasions thereafter, Plaintiff submitted follow-up written accommodation requests to address her ongoing impairments.

24. Defendant Little Elm Independent School District (LEISD), through its agent Asheley Brown, failed to engage in the interactive process in good faith and failed to provide additional accommodations as required under the ADA.

25. LEISD's refusal to accommodate Plaintiff's known disabilities, and its failure to engage in the legally mandated interactive process, constitutes unlawful discrimination in violation of the ADA.

26. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered lost wages, loss of professional opportunities, loss of retirement entitlements and benefits, emotional distress, and other compensable damages.

### COUNT TWO: FAILURE TO ACCOMMODATE IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT (ADA), 42 U.S.C. § 12112(b)(5)(A)-(B)

27. Plaintiff incorporates by reference the factual allegations set forth above.

28. Plaintiff made repeated good faith requests for workplace accommodations beginning in May 2021 due to continued cognitive side effects of cancer treatment.

29. Defendant had actual knowledge of Plaintiff's disability and her need for accommodation.

30. Defendant failed to respond meaningfully to Plaintiff's requests and failed to explore available reasonable accommodations.

31. Defendant's conduct constitutes a refusal to provide reasonable accommodations in violation of the ADA.

32. As a result, Plaintiff was forced to continue working without necessary support, was unjustifiably stripped of professional responsibilities, unjustifiably removed from the Admin Team.  Plaintiff was removed from the downstairs Counselor Office that she had occupied since 2014 and placed in the upstairs location isolated from office staff and exposing parents, students, and teachers to lack of confidentiality in the Counselor office due to glass windows.  Plaintiff was ultimately forced to resign—amounting to constructive discharge.

33. Plaintiff has sustained economic harm, reputational damage, and emotional pain as a result of Defendant's unlawful failure to accommodate.

### COUNT THREE: AGE DISCRIMINATION IN VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT  (ADEA), 29 U.S.C. § 621 et seq.

34. Plaintiff incorporates by reference the factual allegations set forth above.

35. At all relevant times, Plaintiff was over the age of forty (40) and is therefore protected under the ADEA.

36. Despite her extensive qualifications and twenty-six (26) years of Professional School Counseling experience and six (6) years of teaching experience totaling thirty-two (32) years in education, Plaintiff was denied transfer and promotional opportunities by LEISD.

37. In 2020, Plaintiff was denied a transfer to Strike Middle School in favor of a less experienced candidate with only elementary-level counseling experience.

38. After her forced resignation in 2023, Plaintiff was replaced by a significantly younger and less experienced individual.

39. Plaintiff was also systematically removed from leadership roles, which were given to younger, less qualified employees.

40. Defendant's actions were motivated, at least in part, by discriminatory animus based on Plaintiff's age and resulted in adverse employment actions.

41. As a direct result of the age-based discrimination, Plaintiff suffered loss of income, diminished professional reputation, and emotional distress.

### COUNT FOUR: RETALIATION IN VIOLATION OF THE ADA and ADEA

42. Plaintiff incorporated by reference the factual allegations set forth above.

43. Plaintiff engaged in protected activity under both the ADA and ADEA by:

 a. Requesting reasonable accommodations for her disability;

 b. Opposing LEISD's discriminatory and harassing conduct;

 c. Filing internal grievances regarding unlawful treatment by Ms. Allen, Ms. Gibson, and Ms. Brown.

44. Defendant retaliated against Plaintiff by:

 a. Subjecting her to unfounded performance criticisms;

 b. Removing her from her designated office;

    c.    Increasing her workload beyond the essential duties of her position;

    d.    Denying her a transfer;

    e.    Blocking external employment opportunities; and

    f.    Forcing her resignation under threat of contract non-renewal.

45. Defendant's adverse actions were causally connected to Plaintiff's exercise of her rights under the ADA and ADEA.

46. As a result of Defendant's unlawful retaliation, Plaintiff has suffered lost earnings, emotional harm, and other damages for which she seeks appropriate relief.

## VI.  REMEDIES

47. WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and grant relief as follows:

    a.    Front Pay: An award of front pay for a reasonable period;

    b.    Back Pay and Benefits: An award for the wages, employment benefits, and other compensation Plaintiff would have received but for Defendant's unlawful conduct, plus interest;

    c.    Compensatory Damages: For emotional distress, inconvenience, mental anguish, reputational harm, loss of enjoyment of life, and other non-pecuniary losses caused by Defendant's unlawful conduct in an amount to be determined by the jury;

    d.    Liquidated damages under the ADEA due to Defendant's willful violation of federal law;

    e.    Punitive and exemplary damages under the ADA to deter and punish Defendant's reckless and callous disregard for Plaintiff's federally protected rights;

    f.    Attorneys' Fees and Costs: Reasonable attorneys' fees, expenses, and costs, as provided by statute;

    g.    Pre- and Post-Judgment Interest; and

    h.    Any other and further relief the Court deems just and proper.

## VII. JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues of facts and damages raised in this case.

Respectfully Submitted,

**CARTER LAW GROUP, PC**

*/s/ Erin Nowell*
Erin Nowell
Texas Bar No. 24040431
enowell@clgtrial.com
Taylor Jenkins
Texas Bar No. 24135171
tjenkins@clgtrial.com

351 W. Jefferson Blvd.
Suite 503, LB 11
Dallas, TX 75231
Telephone: (214) 390-4173

**ATTORNEYS FOR PLAINTIFF**